B"H

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Case No. _____

IN RE:   TWO U.S. POSTAL SERVICE
         PRIORITY FLAT RATE ENVELOPES

| | |
|---|---|
| JAMES PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEP'T. OF JUSTICE, et al.,<br><br>    Defendants.<br><br>Underlying Litigation:<br>United States District Court<br>District of Columbia<br>Case No. 1:18-CV-01339-CRC | JAMES PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY,<br><br>    Defendant.<br><br>Underlying Litigation:<br>United States District Court<br>Southern District of Florida<br>Case No. 1:17-CV-24440-DPG |

| | |
|---|---|
| JAMES PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH LILLY, et al.,<br><br>    Defendants.<br><br>Underlying Litigation:<br>United States District Court<br>District of Columbia<br>Case No. 1:19-CV-00701-CRC | Case: 1:19-mc-00068<br>Assigned To : Cooper, Christopher R.<br>Assign. Date : 5/13/2019<br>Description: Misc. |

## PLAINTIFF'S MOTION TO COMPEL

## PLAINTIFF'S MOTION TO COMPEL

**COMES NOW,** James Price ("the Plaintiff"), and files this, his motion to compel the production of all search warrants, applications, affidavits, documents, emails, and or other communications related to the interception, and seizure of two United States Postal Service ("USPS") Priority Flat Rate envelopes.  The Plaintiff respectfully moves this Court for the entry of an Order to compel the Defendants, including any and all subagencies, bureaus, program participants, other components, or other federal agencies acting for, or on behalf of, the Defendants, to produce all search warrants, applications, affidavits, documents, emails, and or other communications related to the interception and seizure of the two USPS Priority Flat Rate envelopes. A proposed order is attached for this Court's convenience

### I.  INTRODUCTION AND BACKGROUND

1.   On April 22, 2019, at 10:14 AM, a USPS Flat Rate envelope (hereinafter referred to as "Envelope 1"), and identified by the USPS Tracking No. 9510-8132-2703-9108-2336-03, was seized by a person or persons identified in the USPS records as "F. Trinidad".  See Exhibit "A".

2.   On April 27, 2019, at 9:47 AM, a USPS Flat Rate envelope (hereinafter referred to as "Envelope 2"), and identified by the USPS Tracking No. 9510-8132-2701-9114-2543-66, was seized by a person or persons identified in the USPS records as "F. Trinidad".  See Exhibit "B".

3.    Both  Envelope  1  and  Envelope  2  were  address  to  "James Price,  Reg.  No.  98922004,  Federal  Correctional  Institution,  P.O.  Box 779800,  Miami,  Florida  33177".  Due  to  the  Plaintiff-addressee's incarceration  by  the  Defendant  Department  of  Justice  ("DOJ"),  the Federal  Bureau  of  Prisons  ("BOP")  is  authorized  to  receive  and  transmit mail  as  an  "agent"  on  behalf  of  the  Plaintiff.

4.    On  or  about  April  29,  2019,  the  Plaintiff  became  suspicious that  Envelope  1  and  Envelope  2  had  not  been  delivered  to  him  by  the BOP.  The  Plaintiff  contacted  J.  Colzie,  Supervisor  of  Mail  Operations for  the  Federal  Correctional  Institution  Miami  ("FCI-MIA")  to  inquire  as to  the  delivery  status  of  the  envelopes.  Mr.  Colzie  indicated  that:  (a) only  six  (6)  BOP  employees  at  FCI-MIA  (Blount,  M.  Castillo,  J.  Colzie, S.  Martin,  L.  Pena,  and  D.  Vail)  were  authorized  to  receive  U.S.  mail on  behalf  of  the  institution;  (b)  that  no  person  by  the  name  "F. Trinidad"  was  known  to  him  or  worked  in  the  institution  mailroom;  and (c)  the  institution  did  not  pick-up  or  drop-off  mail  on  Saturday, Sunday,  or  Federal  holidays.[1]

5.    On  April  29,  2019,  the  Plaintiff  contacted  the  Special Investigative  Service  ("SIS")  at  FCI-MIA,  and  filed  an  initial,  verbal report  with  SIS  Technician  K.  Andino  regarding  the  unauthorized seizure  of  the  two  envelopes.  SIS  Tech.  Andino  informed  the  Plaintiff that:  (a)  any  matter  involving  agencies  or  personnel  outside  the institution  must  be  reported/referred  to  SIS  Lieutenant  McNeel;  and  (b) that  no  BOP  employee  named  "F.  Trinidad"  was  assigned  to  FCI-MIA.

---

[1]    April  27,  2019,  fell  on  a  Saturday.

3

Subsequent to the information provided by Andino, a search of ALL BOP EMPLOYEES determined that the BOP did **not** employee any person named "F. Trinidad".

6.    On April 30, 2019, the Plaintiff filed a formal, written report to SIS Lieutenant McNeel that requested FCI-MIA notify Federal law enforcement that a person or persons NOT AUTHORIZED by the BOP, had removed U.S. mail from its Post Office Box located at the Country Lakes Branch of the U.S. Postal Service in Miami, Florida. Specifically, the Plaintiff requested the Institution notify the U.S. Postal Inspector and the Federal Bureau of Investigation ("FBI") of the suspected **felony** theft of, or interference with, U.S. mail. See Exhibit "C".

7.    Acting on information and belief, that Government agencies conduct operations and act in compliance with the law, and based on the facts, supra, the Plaintiff determined the following:

a.    The USPS would not release—under signature—any U.S. mail to a person other than the addressee or an authorized agent;

b.    The BOP neither employed a person named "F. Trinidad" nor directed any employee to conduct an unscheduled mail pick-up on Saturday, April 27, 2019, at 9:47 AM;

c.    The person or persons who signed the USPS log at the Country Lakes Branch of the USPS to seize Envelopes 1 and 2, would have been required to possess: (i) law enforcement credentials, and (ii) a valid warrant to seize the subject envelopes.

4

## II.  STATEMENT OF POINTS AND AUTHORITIES

8.    All Federal agencies and their employees operate under a "presumption of propriety" meaning that not only <u>must</u> an agency follow its own rules but also it is <u>assumed</u> to have done so.  See <u>Damus v. Nielsen</u>, 313 F. Supp. 3d. 317, 336 (D.D.C. July 2, 2018); 2018 U.S. Dist. LEXIS 109843, 38 (holding this Circuit and district courts here have subsequently invoked the [<u>Accardi</u>[2]] doctrine, noting that "<u>Accardi</u> has come to stand for the proposition that agencies may not violate their own rules and regulations to the prejudice of others.") (quoting <u>Battle v. FAA</u>, 393 F.3d 1330, 1336, 364 U.S. App. D.C. 259 (D.C. Cir. 2005) ("the Accardi doctrine requires federal agencies to follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions.").  Put simply, absent evidence to the contrary, Federal agencies and employees come before the court under a presumption of good faith in the lawful and proper execution of their duties.

9.    Routine law enforcement investigations begin with a report of a crime, other information, or a discovery that objectively indicates a crime has or may be committed. Operating under such information and belief, law enforcement may conduct investigations under the color of law, including but not limited to, the search and seizure of items relevant to the alleged criminal activity.

---

[2]    See <u>United States ex rel. Accardi v. Shaughnessy</u>, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954)

10. When law enforcement agents have a reasonable belief, supported by some evidence, they may appear before a court of subject matter jurisdiction, and apply for a warrant to search and or seize items relevant to the investigation. Such applications for a warrant **must** be supported by a sworn affidavit attesting to the "particularized facts about a specific subject, [and] his or her specific conduct". See <u>Pitts v. District of Columbia</u>, 117 F. Supp. 3d. 347, 369 (D.D.C. March 31, 2016); 2016 U.S. Dist. LEXIS 43460, 49-50. The search warrant affidavit "must suggest that there is a reasonable cause to believe that the specific things to be searched for and seized are located on [or in] the property... and not merely that the owner of the property is suspected of a crime." <u>Id</u>., quoting <u>United States v. McPhearson</u>, 469 F.3d 518, 524 (6th Cir. 2006). Upon review of such an application and its supporting affidavit, a neutral magistrate may issue the warrant.

11. In this matter, an agent acting under the name "F. Trinidad" was required to present either: (a) written authorization from the BOP to receive mail on behalf of a prisoner; or (b) a warrant issued by a Federal court authorizing the search and seizure of U.S. mail from the United States Postal Service.

12. The Plaintiff has not committed any offense under the Constitution, laws, or treaties of the United States during his seven (7) years in the custody of the Defendants. Neither has the Plaintiff engaged in any conduct that would—by its nature—contribute to the objective suspicion of any criminal conduct. Thus, there existed **no**

6

**legal basis** to reach a finding of probable cause for a warrant to have been issued that would have legally authorized the seizure of the two Flat Rate Envelopes at issue in this matter.

## A.   CONTENTS OF THE ENVELOPES

13.   The two envelopes seized contained a series of documents, including printed cryptographic code previously removed without authorization, i.e., in violation of Title 18 U.S.C § 798 (unauthorized disclosure of classified materials) from the Central Intelligence Agency. The documents and cryptographic code were removed by unknown parties, provided to, and some were publicly released on the WikiLeaks website.   The Plaintiff contacted WikiLeaks—through third-parties—in conjunction to the related litigation in _Price v. Dep't. of Justice, et al._, D.D.C. Case No. 1:18-CV-01339-CRC; _Price v. National Security Agency_, S.D. Fla. Case No. 1:17-CV-24440-DPG; and _Price v. Lilly, et al._, D.D.C. Case No. 1:19-CV-00701-CRC.

14.   WikiLeaks agreed to provide the Plaintiff copies of certain classified documents and cryptographic code relevant to the related litigation.[3]   Due to the Plaintiff's in-custody status, he contracted a third-party to receive the documents from WikiLeaks, print them, and mail them in a series of Priority Flat Rate Envelopes—with signatures required—to FCI-MIA.

--------

[3]   The Plaintiff also sought the registered names and email addresses of all Department of Justice employees from the hacked and leaked AshleyMadison.com website for persons seeking to cheat on their spouses.   Some 13,000 DOJ employees were registered users of the AshleyMadison.com website.

15. The Plaintiff was <u>due to file these documents</u> with the courts **as rebuttal evidence** in support of his claims in the related cases. The unauthorized interception and unlawful seizure of the subject envelopes, directly interfered with the Plaintiff's ability to zealously prosecute these specific actions, his access to the courts generally, and impeded the judicial operations of the courts.

16. Additionally, the envelopes contained legal documents <u>purchased by the Plaintiff</u> from the court's own records (PACER) related to the Defendants' misconduct, malfeasance, and a copy of the Plaintiff's marriage license.

## B.   INTENT OF THE SEIZURE

17. Based on the facts and circumstances surrounding the seizure of the two envelopes, and the known and undisputed contents of the two envelopes, their seizure was not for legitimate or lawful purposes. The Defendants were publicly humiliated by the high-profile theft of classified materials from a top tier intelligence agency, and even more so by the Internet publication of those documents by WikiLeaks.

18. Equally galling, was the Plaintiff's discovery and subsequent prosecution of the Defendants in this Court for the unlawful use of the same and related classified intelligence assets in domestic criminal operations. The pleadings in these actions, including the recent Declaration of Steven Thompson, Chief of Policy, Plans, Information,

and Exports for the National Security Agency ("NSA") [ECF No. 61], demonstrated the Defendants untenable position regarding the official acknowledgement and public release of this information.

## IV.  REQUEST FOR ORAL HEARING

19.  The Plaintiff respectfully requests this Court set a hearing for oral arguments in this matter at its earliest convenience. The Plaintiff avers that oral arguments would be beneficial to this Court and facilitate an accurate analysis of the facts and circumstances surrounding the Multi-District Litigation of the classified matters.

## V.  CONCLUSION

20.  Lawful discourse on Government actions may not garner favor with the Government Defendants in this case. A citizen's **right and duty** to hold the Government accountable to its citizens however, should not be measured against the fear of petty acts of intimidation, coercion, retribution, or unlawful interference. The Defendants in this matter sought an unlawful pretext to initiate an investigation of the Plaintiff for nothing more than his zealous prosecution of the Defendants misconduct and malfeasance.

21.  The United States Postal Service **could not** lawfully release the Plaintiff's mail to any party other than the Plaintiff or his lawful agent (the BOP). Moreover, the USPS **would not** have released the Plaintiff's mail—**not once but twice**—under any other circumstance but for the presentation of a warrant by an agent of law enforcement.

9

22.   The axiom of Occam's Razor demonstrated the Defendants' interference with, and seizure of, the subject envelopes was unlawful. Therein, the Plaintiff respectfully moves this Court for the entry of an Order to compel the Defendants, including any and all subagencies, bureaus, program participants, other components, or other federal agencies acting for, or on behalf of, the Defendants, to produce all search warrants, applications, affidavits, documents, emails, or other communications related to the interception and seizure of the two USPS Priority Flat Rate envelopes.

**WHEREFORE,** in view of the foregoing statement of points and authorities, the Plaintiff respectfully requests this Court **GRANT** the Motion to Compel.[4]

Respectfully Submitted,

_____

James Price
Plaintiff
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2150/2268
Fax: 305-259-2383
Email: PriceJamesE@Outlook.com

---

[4]   Additionally, the Plaintiff moves this Court for the issuance of a third-party subpoena upon the USPS, filed separately, for the video surveillance from the USPS Country Lakes Branch on the relevant dates and times identified by USPS records.

B"H

## CERTIFICATE OF SERVICE

**In re: Two U.S. Postal Service F/R Envelopes**

**Case No.** _____

I, James Price, hereby declare that on this date, May 6, 2019, have served the enclosed:

### CIVIL COVER SHEET

### RELATED CASE FORM

### PLAINTIFF'S MOTION TO COMPEL (COMPLAINT)

### PLAINTIFF'S FOR FOR ISSUANCE OF THIRD-PARTY SUBPOENA

### PROPOSED ORDER

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b-d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on May 5, 2019.

By:_____

James Price
USM No. 98922004

C1 of 1